(87 South. 508)

No. 23958.

Succession of POPP.

POPP v. INHERITANCE TAX COLLECTOR.

(June 30, 1920. On the Merits, Jan. 3, 1921. Rehearing Denied Feb. 28, 1921.)

*(Syllabus by the Court.)*

1. **Appeal and error** ⬤�longdash14(2)—**Judgment awarding specific amounts after remand by Supreme Court held appealable.**

Where on appeal a judgment is set aside and the case remanded, to be proceeded with in accordance with the views expressed by this court, the judgment thereafter rendered by the trial court awarding plaintiff specific amounts within the appellate jurisdiction is appealable.

On the Merits.

*(Syllabus by Editorial Staff.)*

2. **Appeal and error** ⬤�longdash1194(2)—**Remand held to foreclose discussion on points covered by opinion; "final decree."**

Where on appeal the judgment was set aside and the case remanded "to be proceeded with in accordance with the views herein expressed," such decree did not operate as a final decree, but had the effect of closing the discussion upon every point covered by the views expressed in the opinion upon which decree was founded.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

O'Niell and Dawkins, JJ., dissenting.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Proceeding by the succession of John F. Popp against the Inheritance Tax Collector. Judgment for the Collector, and the succession appeals. Motion to dismiss appeal overruled, and judgment affirmed.

See, also, 146 La. 464, 83 South. 765.

Walter S. Lewis, of New Orleans, for Mrs. Rebecca Grant Popp.

Edward Rightor, of New Orleans, for Thomas Connell.

On Motion to Dismiss.

MONROE, C. J. When this case was before this court upon a previous occasion (146 La. 464, 83 South. 765), the various issues presented were considered, and conclusions were reached and expressed in regard to them, but the conclusions were not made executory by the decree, which reads:

"The judgment appealed from is therefore set aside, and the case is remanded to the trial court to be proceeded with in accordance with the views herein expressed; the succession to pay the costs of the appeal."

It is evident that, as thus formulated, the decree called for further proceedings in, and a judgment by, the district court, and equally evident that it devolved upon that tribunal to determine the character of the proceedings contemplated by the decree of this court, and the specific decree to be rendered by it as based thereon. The court ruled, after hearing argument, that it would base its judgment on the pleadings in the case and the opinion and decree of this court, thereby overruling the contention of defendant's counsel that the decree of this court should be construed as a mandate directing that the cause be tried de novo and after a regular assignment for trial. The judgment as rendered was in accordance with the trial judge's interpretation of the views expressed in the opinion of this court; and defendant has appealed therefrom. Appellee moves to dismiss the appeal on the ground that all the issues involved therein were determined by the opinion and decree heretofore handed down and are not to be further considered.

[1] The judgment appealed from, however, possesses all the attributes of a final judgment appealable to this court, and the question whether the trial judge erred in adopting the basis upon which it has been predicated or in any other respect is one for the review of which the appeal is allowed, and which is not properly before this court upon a motion to dismiss. The motion is therefore overruled.

### On the Merits.

PROVOSTY, J. No issues are presented on the present appeal which were not carefully and fully considered on a former appeal, and, as this court thought, finally decided. On this former appeal the following decree was entered:

"The judgment appealed from is therefore set aside, and this case is remanded to the trial court to be proceeded with in accordance with the views herein expressed."

[2] While this decree did not operate as a final decree in the case, it had the effect of closing discussion upon every point covered by the "views herein expressed"; i. e., expressed in the opinion upon which the decree was founded.

These points were submitted to this court for decision; and after the most mature consideration they were decided. On application for a rehearing the same discussion was gone over again; and these points were again decided as an effect of the rehearing being denied. By the said decree there was no intention whatever of leaving these points open for further discussion. On the contrary, the lower court was directed to proceed with the case "in accordance with the views herein expressed." To that extent the decision was final. This court passed finally upon all the issues, and remanded the case only for the doing of whatever else remained to be done in the case after all the said issues had been thus settled.

In Kellam v. Rippey, 3 La. Ann. 202, this court said:

"We think the decision final. The right of the defendant to recover was passed upon and expressly recognized; but, as the evidence in the record was insufficient to enable the court to fix the amount to which he was entitled, the case was remanded for that purpose."

So in the instant case the right of the inheritance tax collector to recover was passed upon and expressly recognized; and all that was left open was for the lower court to make the computation from the data in the record of the amount in which judgment should be entered—the work merely of an accountant.

In Davis v. Wilcoxon, 10 La. Ann. 640, although there had not been on the previous hearing any decree for the improvements, the court held the former decision to be final on the question of improvements.

In Pepper v. Dunlap, 5 La. Ann. 200, 9 La. Ann. 137, the court did not hold that the issues in a case could not be closed by decision without the decision being followed by a decree carrying it into effect, but simply that two points had been thus finally decided on the previous occasion, whereas a third had not been finally passed on for want of sufficient evidence, and that this third point was still open.

In Davidson v. Carroll, Hoy & Co., 23 La. Ann. 108, the court on the previous appeal had said:

"The defendants [Carroll, Hoy & Co.] are appellants from a judgment decreeing that plaintiff was not bound to them on the notes, and that they had no mortgage nor privilege on the land.

"Let the judgment of the district court be affirmed so far as it decrees that plaintiff is not bound to defendants for the payment of the notes, and in all other respects let it be annulled and reversed.

"Let the case be remanded * * * to be proceeded with according to law."

It will be noted that the district court had decreed that Carroll, Hoy & Co. "had no mortgage nor privilege on the land," and that the Supreme Court "annulled and reversed" the judgment in that respect.

On the second appeal the court decided that the judgment on the first appeal was not conclusive on the question of whether Carroll, Hoy & Co. had a mortgage and vendor's privilege or not.

On the first appeal the court had said:

"The land has been sold for $100.00 at the suit of Davidson; but there is no evidence in the record showing what sum is owing him. The case must therefore be remanded."

Manifestly the case was remanded for the sole purpose of allowing evidence to be produced to show what sum was due Davidson. The decision on the second appeal, allowing the question of mortgage vel non to be reopened, was, as appears to us, plainly wrong.

And so we find that in Chaffe & Bro. v. Morgan, 30 La. Ann. 1310, this court qualified this Davidson v. Carroll, Hoy & Co. decision, as follows:

"In Davidson v. Carroll, Hoy & Co., 23 An. 108, the court said, 'The reasons given by the court for judgment form no part of the judgment itself, and the judge of the lower court is not bound by the expressions used by the Supreme Court outside of the decree,' to which we will add, for fear of misapprehension, unless it be in some matter of instructions how to proceed on some point expressly ruled by this court, which then must be obeyed as the thing adjudged."

In Police Jury of Lafourche v. Police Jury of Terrebonne, 48 La. Ann. 1299, 20 South. 708, the decree in a previous suit had undertaken to fix the boundary line between the two parishes, but had done so by reference to a bayou which could not possibly serve for that purpose, and the court therefore in the second suit held the said decree to be not conclusive. The case appears to bear no analogy with the present.

In Keane v. Fisher, 10 La. Ann. 261, the court held that a statement by the court incidentally in the opinion could not control or affect the decree, which affirmed unqualifiedly the judgment appealed from. This was simply the application of the rule of res judicata.

We have thus reviewed the cases cited by the learned counsel of the succession of Popp, and see no reason for going further. If counsel were correct in his contention that issues expressly decided by the court with a view to finality are not closed unless followed by an actual decree, this court would be precluded from ever remanding cases for the mere purpose of carrying out the details of a case involving mere clerical, or accountant work after the issues have been fully considered and decided with a view to finality—a thing heretofore often done by this court, and by the Supreme Court of the United States, and doubtless by all appellate courts.

The judgment appealed from has simply carried out the decision heretofore made by this court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, and that the succession of Popp pay the costs of this appeal.

O'NIELL, J., dissents and hands down reasons. See 87 South. 510.

DAWKINS, J., dissents.