(101 South. 260)

No. 26502.

## WASHINGTON et al. v. SMITH.

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Partition** ⬤⟹34—**Suit not necessary to partition of land in which minor, absentee, or interdict has interest.**

Under Civ. Code, arts. 1323, 1327, 1328, 1329, 1336, no suit or pretended suit is necessary to partition of lands in which a minor, absentee, or interdict has an interest.

2. **Partition** ⬤⟹91—**Appointment of experts to divide land into lots unnecessary.**

Civ. Code, art. 1367, and Act No. 15 of 1918, abrogating necessity of drawing lots in partition proceedings, impliedly abrogated necessity of appointment of experts to divide land into lots.

Leche, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by Raleigh Washington and others to confirm by judicial decree a partition of land in which Rufus Smith, a minor, was

interested. On appeal by the former. Judgment reversed in part and rendered and affirmed in part.

Bullock & Warren, of Ruston, for appellants.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

By the WHOLE COURT.

O'NIELL, C. J. This is a suit to confirm by judicial decree an .act of partition of lands in which a minor child has an interest. The plaintiffs are the major co-owners of the lands. There are nine of them. Four own a sixth interest each, and five own an eighteenth interest each. The minor, Rufus Smith, owns the remaining eighteenth interest.

The partition is supposed to have been made in conformity with the provisions of the Act 15 of 1918, p. 21. The statute provides that lands that are owned jointly by persons who are sui juris and persons non sui juris may be partitioned in kind without the drawing of lots, if the co-owners who are sui juris consent to the proposed partition and the judge approves it, on the advice of a family meeting.

The major co-owners and the tutor of the minor, having mutually agreed upon a partition in which each of them would take a specified part of the land, addressed a petition to the district court, setting forth their agreement, and asking to have an inventory and appraisement made of each lot or parcel of land, according to the proposed partition, and to have a family meeting called to advise the court with regard to the interest of the minor. The parties also asked to have a special tutor appointed to represent the minor, and to have the under tutor notified to attend the appraisement and the family meeting, because the tutor of the minor was one of the co-owners of the lands, and was therefore one of the petitioners. The orders

were granted. The special tutor qualified as such, and he and the under tutor attended the appraisement and the family meeting. The appraisers appointed by the court appraised separately each lot or parcel of land, as it was proposed to be divided, so that the discrepancies in value might be offset or compensated in money. The family meeting, after due deliberation, advised and recommended that it was in the interest and for the benefit and advantage of the minor that the partition should be made as proposed by the major co-owners and the tutor of the minor, without the drawing of lots. The proceedings of the family meeting were approved by the judge, and a notary public was appointed to make the partition. Accordingly, each party accepted the lot or parcel of land which he preferred, the special tutor accepting for the minor, all as originally proposed and as approved and recommended by the family meeting. The discrepancies in the values of the lots were offset or compensated by the giving or taking of the difference in cash, thus: William Thodas, Bessie Ross and Thomas Jefferson each paid in an excess of $32.61; Lucius Washington paid in an excess of $100.83, and J. T. Washington paid in an excess of $957.83; and Raleigh Washington drew down $2.16, Lula Smith $634.07, W. E. Logan $372.16, and Ezra Smith and the minor Rufus Smith, each $74.05. It is not disputed that the partition and adjustments were fair.

The act of partition, signed by all of the major co-owners, the tutor of the minor, and the notary public and witnesses, was tendered to the judge for approval, with a petition on behalf of all of the major co-owners praying that the minor, through an attorney at law to be appointed by the court, and through the under tutor, should be cited to show cause why the act of partition should not be approved and confirmed by a decree of the court.

Answering the suit, the attorney for the

minor made two complaints with regard to the proceedings, viz.: (1) That the proceedings were not commenced by a suit and contest between or among the co-owners; and (2) that the lots or parcels of land, into which the whole was divided, were not selected or set apart by experts appointed by the judge and sworn by the notary making the partition.

The court sustained the complaints and dismissed the suit of the major co-owners.

In support of the argument that there should have been a lawsuit and contest—or pretended contest—among the co-owners, the attorney for the minor cites article 1323 of the Civil Code, which declares that, if, among the co-owners, there be an absentee or a minor or an interdict, or if the co-owners do not agree to the partition or upon the manner of making it, it shall be made judicially and in the form thereafter prescribed. Defendant's attorney relies also upon article 1327, declaring that, in the matter of successions, the "action of partition and the contestations which may arise in the course of the proceedings" are to be brought before the court having jurisdiction over the succession.

[1] There is no provision in the Code that requires that a partition of land in which a minor or an absentee or an interdict has an interest shall be preceded by a lawsuit in the form of a petition and an answer and a contest or pretended contest between or among the co-owners. There was no such requirement before Act 15 of 1918, abolishing the formality of drawing lots, was enacted. The Code makes provision for the so-called "action of partition" in those cases where the action is necessary; as, for example, when one co-owner demands a partition in kind and another insists upon a sale of the property and a division of the proceeds. But, even before the enactment of the statute of 1918, whenever all of the co-owners—including the representative of a minor or an absent or interdicted co-owner—agreed that the land could be divided in kind without diminishing its value, there was nothing to forbid all of the co-owners to join in a petition for a judicial partition. There is therefore no merit in the contention that the articles of the Code referring to the judicial partition—particularly articles 1323, 1327, 1328, 1329 and 1336—meant that, if one of the co-owners of the land was a minor or an absentee or interdict, the so-called action of partition had to be formed by one or some of the co-owners filing a petition and another or others filing an answer, and going through the mummery of a pretended contest, even though there was no contest between or among the co-owners.

[2] With regard to the second complaint of the attorney for the defendant minor, we are of the opinion that the statute of 1918 has done away with the necessity for having experts appointed to divide the land into lots, in the partitioning of lands owned partly by a person non sui juris. It is true, the statute does not, in terms, dispense with any other formality than "the necessity of drawing lots." But, without the necessity of drawing lots, there is no reason whatever for having experts appointed to select or set apart the lots. The article of the Code on that subject—article 1367—is entirely abrogated by the repealing clause in the statute of 1918, repealing "all laws contrary to or in conflict with this act," viz.:

"Art. 1367. The lots are formed by experts chosen for that purpose and sworn by the officer charged with the partition, and are afterwards drawn for by the coheirs."

It will not do to say that the article of the Code has been repealed in so far as it provided that the lots were to be drawn for by the coheirs or co-owners, but is not repealed in so far as it provided for the manner of forming the lots to be so drawn.

The purport and effect of Act 15 of 1918 is to allow a conventional partition to be made of lands owned partly by a person non sui juris, the latter being represented by his or her tutor or curator, and being protected by the advice and recommendation of a family meeting, and the sanction of a judicial decree. In that respect, the statute is not a more radical departure from the provisions of the Code than was the statute authorizing a conventional or private sale to effect a partition of property owned jointly by major and minor co-owners.

In the judgment appealed from, the attorney appointed to represent the defendant minor was allowed a fee of $100, which was taxed as court costs, and as to which there is no complaint.

The judgment dismissing the plaintiffs' suit is annulled, and it is now ordered, adjudged and decreed that the act of partition of the lands owned jointly by the plaintiffs and the defendant herein, made by and before Otis W. Bullock, notary public, on the 21st day of May, 1923, and recorded in Conveyance Book 180, p. 653, of the Conveyance Records of the Parish of Caddo, is hereby confirmed and made binding upon all of the parties to said act of partition, including the minor, Rufus Smith, defendant herein. The judgment fixing the fee of the attorney for the defendant at $100, and taxing the same as costs of court, is affirmed. All court costs are to be borne by the plaintiffs and the defendant in proportion to their interests in the lands partitioned.

LECHE, J. (dissenting). The question involved in this case is whether Act 15, p. 21, of 1918, authorizes the partition in kind of property in which minors, interdicts, or absent persons are interested, without the necessity of instituting an action in partition.

Article 1020 of the Code of Practice provides:

"Whenever a minor, interdicted, or absent person, is interested in the partition of a succession, it shall be made by judicial authority."

Articles 1024, 1025, 1026, and 1027 of the same Code provide that the demand shall be made by petition and citation, followed by a decree ordering the partition.

According to article 1290 of the Civil Code, the rules established for the partition of successions, except that in regard to collation, are applicable to partitions between coproprietors of the same thing, when among the coproprietors any are absent, minors, or interdicted, or when the coproprietors of age and present cannot agree on the partition and on the manner of making it. Article 1290 of the Civil Code says that partition is voluntary when it is made among all the coheirs present and of age and by their mutual consent, and that it is judicial when it is made by the authority of the court and according to the formalities prescribed by law. Article 1322 provides that—

"If all the heirs are of age and present or represented, the partition may be made in such form and by such an act as the parties interested agree upon."

Article 1346 of the Civil Code provides further that heirs of age and present may partition amicably.

From these quoted provisions of our Codes, it is evident that a partition of property in which minors, interdicts, or absent persons unrepresented are interested can only be effected by means of an action regularly brought by petition and citation and followed by a judicial decree rendered contradictorily in open court. Such has always been the law in this state until the year 1869, when the Legislature adopted Act 134 of that session (page 207), which act was incorporated in the Revised Statutes of 1870 under section 2359, and repeated in section 2667. That statute was several times amended, in 1878 by Act No. 25, p. 47, in 1912 by Act No. 50, p. 59, in 1918 by Act 245, p. 436,

and in 1920 by Act No. 248, p. 475. The act of 1869 and all other acts amendatory thereof provide a manner of partitioning property in which minors or interdicted persons are interested, but do not change the law with regard to the partition of property, of which absent and unrepresented persons may be coproprietors. The cited statutes provide the manner in which partitions of property in which minors or interdicted persons are interested may be made by private sale under certain forms and conditions. They amend the law in regard to licitation, but do not change or amend the law in regard to division in kind.

In 1918 the Legislature adopted Act No. 15, p. 21, the title of which reads as follows:

"To authorize the partition in kind of property held in common among persons some of whom are sui juris and some of whom are not without the necessity of drawing lots."

The substance of the act is contained in section 1, which says:

"That when property is held in common among persons some of whom are sui juris and some of whom are not, said property may be divided in kind without the necessity of drawing lots when the co-owners, who are sui juris consent to the proposed partition and the proper court having jurisdiction, on the recommendation of a family meeting duly convened and held, shall have authorized it on behalf of those co-owners who are not sui juris."

Up to the time this statute was adopted, it is not questioned that a partition by division in kind, of property partly owned by minors, interdicted persons or absent and unrepresented persons, could only be made judicially, or, in other words, that such partition had to be demanded by petition and citation, and ordered by a judgment duly rendered in open court, as provided by article 1020 et seq. of the Code of Practice. We are now called upon to determine the intent of the lawmaker in adopting the quoted act of 1918. That intent must of course be gathered from the language of the statute itself viewed in the light of the law as it stood when the statute was adopted.

Articles 1363, 1364, 1365, 1366, and 1367 of the Civil Code specifically provide for the division of the property to be partitioned. The property is divided into lots of a value as nearly equal as possible; these lots are formed by experts sworn for that purpose, and are to be drawn for by the parties in interest. Such drawing is a matter of chance, no one having the right to choose a particular lot. In view of these provisions of the law, it seems to me that the only object and purpose of the statute under consideration was to dispense with the drawing or allotment by chance, and to permit each one of the parties, when they have so agreed, to select his own lot. There is no warrant under the terms of the statute for dispensing with the other formalities required by articles 1020 et seq. of the Code of Practice, and therefore the statute does not, in my opinion, authorize the amicable or voluntary partition by a division in kind of property in which minors and interdicts are interested.

For these reasons I respectfully dissent from the opinion of the majority.