151 So. 635

## LEVY v. LEVY et al.

### No. 32532.

Nov. 27, 1933.

Ed. J. deVerges, of New Orleans, for appellants.

Joseph Rosenberg, of New Orleans, for appellee.

ST. PAUL, Justice.

The parties hereto, to wit, the plaintiff, Mrs. Alphonsine L. Levy, and the defendants, Mrs. A. Herbert Levy, Mrs. Mathilde L. Landry, Hypolite Lopes, and Gaston Lopes, are the five heirs of Alphonse S. Lopes; and, as such, were the owners in indivision of fourteen parcels of real estate appraised at $25,-400, one tomb or burial vault appraised at $60, and personal property appraised at approximately $3,720.35.

On October 31, 1932, Mrs. Alphonsine L. Levy sued all her coheirs for a partition of all the property held in indivision between them. On January 17, 1933, there was judgment ordering the partition by licitation of all the property as aforesaid.

On March 23, 1933, all the parties in interest agreed to partition between themselves in kind the fourteen parcels of real estate and the tomb or burial vault, each of the five parties agreeing to take certain parcels approximately equal in value to their one-fifth share in the aforesaid real estate; a small adjustment of differences to be made in cash. Tr. 29.

On March 28, 1933, on joint motion of all parties, this agreement was approved and made effective by judgment of court rendered that day; and the judgment of January 17, 1933, was rescinded and set aside as though never rendered, but in so far only as it ordered the sale at public auction of the real estate aforesaid.

On May 2, 1933, Mrs. A. Herbert Levy and Hypolite Lopes took a rule on Mrs. Alphonsine L. Levy, Mrs. Mathilde Landry, and Gaston Lopes, to show cause why the order recalling the order for the sale of the real estate should not itself be vacated and recalled and the auctioneer directed to proceed with said auction sale; the ground for said rule being, allegedly, "that the said amicable partition cannot be made for the reason that Gaston Lopes, one of the heirs, has unsatisfied judgments against him, and that the said Gaston Lopes has mortgaged his share of this Estate so that an amicable partition is utterly impossible."

On May 12, 1933, the rule was made absolute in so far as to recall and set aside the (consent) order rendered and signed on March 28, 1933, but dismissing said rule in so far as it seeks to have reinstated the original judgment of partition rendered on January 17, 1933.

Whereupon Mrs. Alphonsine Levy and Gaston Lopes took an appeal.

Thereupon Mrs. A. Herbert Levy moved to dismiss the appeal so taken on the ground that same was taken from an interlocutory decree and not from a final judgment.

We see no force in the motion to dismiss. The consent judgment of March 28, 1933, was certainly a final judgment, and a judgment which sets aside a final judgment is necessarily itself a final judgment; since, if undisturbed on appeal, it disposes at once and forever of the judgment which it sets aside.

For the reasons assigned the motion to dismiss is denied.