ROGERS, Justice.
 

 The five children of Alphonse S. Lopes and his wife, Mrs. Isabella M. Wachez Lo
 
 *80
 
 pes, were recognized as the sole heirs of th'eir deceased parents and placed in possession of their estates. The property thus Acquired .in indivisión by the heirs consisted of fourteen parcels of real estate, one tomb or burial vault, and some personal property.
 

 Subsequently, Mrs. Alphonsine L. Levy, one of the heirs, sued her coheii-s for a partition of all property owned by them in indivisión, and obtained a judgment ordex-ing the partition to be made by licitation. Shortly befox'e the day fixed for the sale of the property pursuant to the judgment, all the parties in interest entered into an agreement, which was reduced to writing, to partition in kind the real estate and the tomb or' burial vault -owned by them in common; each of the parties • agreeing to take certain designated' parcels equal in value to his or her one-fifth share in the property, a slight adjustment of differences in value to' be made in cash. - Thereafter, on the joint motion of the parties suggesting the agreement to amicably partition in kind the common property, a judgment was rendered in the district court vacating ' its prior judgment decreeing a partition by licitation so far as it ordered the-sale of the property at public auction. Latex-, Mrs. A. Herbert Levy and Hypolite Lopes, two of the heirs, took a
 
 rule- on
 
 Mrs. Alphonsine L. Levy, Mrs. Mathilde Landry, and- Gaston Lopes, their coheirs, to show cause why the order rescinding the order for the sale of the property should not itself be rescinded and the auctioneer named in the prior judgment be directed to proceed with the auction-sale for the purpose of effecting a partition among the heirs, on the ground, as alleged in the rule, “that the said amicable partition cannot be made for the reason that Gaston Lopes, one of the heirs, has unsatisfied judgments against him, and that the said Gaston Lopes has mortgaged his share of this estate so that an amicable partition is utterly impossible.” After hearing, the rule was made absolute so far as to recall and set aside the order rescinding the prior ox-der for the sale of the property at' public auction, but the rule was discharged so far as it sought to have x-einstated the original judgment of partition. From this judgment Mrs. Alphonsine L. Levy and Gaston Lopes, two of the defendants in x-ule, appealed. Mrs. A. Herbert 'Levy, one of the plaintiffs in rule, moved to dismiss the appeal, but her motion was denied. See Levy v. Levy, 178 La. 407, 151 So. 635.
 

 The record shows it is not feasible to execute tbe agreement to partition the common property. When the notaries selected by the parties for that purpose obtained the usual certificates, it was disclosed by the mortgage certificates that the undivided one-fifth interest of Gaston Lopes in the property is heavily incumbered with both judicial and conventional mortgages; and that the common property is also subject to other liens and privileges.
 

 It is only in a judicial partition where the property is divided in kind that the mortgages, liens, and privileges existing against one of the co-proprietors is by the mere fact of the partition transferred to the share or proceeds allotted to him and cease to attach to the
 
 *82
 
 share or proceeds allotted to his coproprietors. Civ. Code, art. 1338.
 

 It is plain that the instrument which the appellants seek to enforce, both in terms and-in effect, is nothing more than a private agreement evidencing the willingness of the parties to make an amicable partition in kind of the common property. The contemplated partition possesses none of the characteristics of a judicial partition.
 

 A partition is judicial when it is made by the authority of the court and according to the formalities prescribed by law. Civ. Code, art. 1294. Here it is not pretended that any partition was made by the authority of the court or that any of the prescribed formalities was observed.
 

 Every judicial partition should be preceded by an inventory and appraisement of the property to be divided. Civ. Code, art. 1324. And the property to be partitioned must be formed by experts into lots, which are after-wards drawn for by the coproprietors. Civ. Code, art. 1367; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652. Where, however, one of the eoproprietors is non sui juris, the appointment of experts and the drawing of lots may be dispensed with. Act No. 15 of 1918; Washington v. Smith, 156 La. 902, 101 So. 260.
 

 No inventory is referred to in the instrument signed by the parties, and there is nothing in the record to show that the contemplated partition was based upon any inventory in which the property to be divided was .appraised. No lots were formed by experts .and no lots were drawn for by the parties, all of whom are sui juris.'
 

 In Lecarpentier v. Lacarpentier, 5 La. Ann. 497, it was held that a sale ordered to effect a partition by a consent judgment has not the effect of a judicial partition and does not affect the rights of the mortgage creditors. Applying the legal principle thus announced to the ease before us, we are compelled to hold that the partition consented to by the parties litigant, if carried out, could, not affect the rights of the mortgage creditors, and, as in the case of a judicial partition, pass the real estate allotted to each co-proprietor free and disincumbered from any mortgages resting upon the undivided interests of his or her eoproprietors.
 

 For the reasons assigned, the judgment appealed from is affirmed.