HARDY, Judge.
Writ of certiorari was granted in this case responsive to the application of plaintiffs-relators, who complained of the action of the Judge of the Twenty-Sixth Judicial Court .in and for the Parish of Bossier, upon the grounds- which are hereinafter set forth.
The facts involved in connection with this application are relatively simple and may be briefly stated. Plaintiffs heretofore appealed to the Supreme Court from judgment of the District Court sustaining defendant’s pleas of prescription, which appeal was transferred to this Court; Scott v. Blanton, 237 La. 926, 112 So.2d 653; after hearing of the appeal this Court rendered judgment reversing, annulling and setting aside the judgment appealed from and remanding the case for further proceedings not inconsistent with the opinion of this Court; Scott v. Blanton, La.App., 115 So.2d 658; defendant made application for writs to the Supreme Court, which was refused on the ground that the judgment of this Court was not final; thereafter, following remand to the lower court, defendant again filed pleas of ten, twenty and thirty years prescription; plaintiffs opposed said pleas by filing exceptions to the jurisdiction ratione materiae and alternatively a plea of res judicata, which pleas were overruled by formal judgment signed July 12, 1960, by Honorable C. A. Barnett, District Judge.
Relators urge that the acceptance and consideration of defendant’s pleas of prescription was erroneous and contrary to law (1) in that it. would permit defendant tore-try matters already adjudicated by this court on the previous appeal; (2) that it would result in proceedings inconsistent with and contrary to the mandate of this Court, and (3) that the action of the district court exceeded its jurisdiction, which was-limited by the order of remand to proceedings consistent with the opinion and judgment of this Court.
Relators’ application was formally opposed by defendant-respondent before this-Court. After granting of the application for writs and upon submission of the matter, additional briefs on behalf of all parties were filed before this Court.
*192 Our examination of the application, the proceedings before the lower court and the briefs overwhelmingly justifies the conclusion that all grounds of objection urged by relators have been more than sufficiently sustained. Reference to the opinion of this Court on the original appeal discloses the fact that defendant’s pleas of ten, twenty and thirty years prescription were thoroughly considered and our conclusions rejecting each and all of said pleas, together with the reasons therefor, were definitely set forth.
It is true that our opinion specifically considered the defendant’s pleas of prescription under and with reference to the provisions of Articles 852, 853 and 3478 of the LSA-Civil Code. It is noted in brief of counsel for respondent that he designates the pleas of prescription reasserted in the lower court as being predicated upon Articles 852, 853, 3478 and 3499, specifically contending that the plea of acquisitive prescription, based upon Article 3499, was filed for the first time in the district court after this case was remanded for further proceedings, and that such plea was not passed upon by this Court on original appeal. We are not disposed to give detailed consideration to this point, which we regard as highly technical, particularly in view of the pronouncement in our opinion as follows:
“We find the defendant has failed to establish: first, a visible boundary which had been in existence for thirty years or more; and second, that he and his predecessors have, in addition to the land described in the title, actually possessed continuously for thirty years or more any land embraced in the Woodley title. These findings require the pleas of prescription urged by the appellee to be and they are hereby overruled.” [115 So.2d 663.]
The mere fact that counsel chooses to present a plea of acquisitive prescription under Article 3499 adds nothing to the consideration given the same plea which was originally interposed under the provisions of Article 852.
The mere recitation of codal provisions neither adds to nor detracts from the full effect of the resolution of- a court which has thoroughly considered all points appropriate to the support of a specific plea.
We further point out the fact that defendant-respondent’s original plea of acquisitive prescription of thirty years was fully considered and disposed by this Court on original appeal.
It is further to be observed that respondent has suffered and will suffer no prejudice whatsoever. The pleas upon which he relies will be subject to review by the Supreme Court, if it so determines, after final judgment has been rendered in this case.
We find no ground whatsoever for misinterpretation of the meaning and effect of our decree remanding the case for further proceedings, which reads as follows:
“The judgment sustaining the plea of prescription herein is reversed, annulled and set aside, and this case is remanded for further proceedings according to law, not inconsistent herewith. Costs of this appeal are assessed against defendant-appellees, all further costs to await the determination of the suit.”
The effect of the above decree foreclosed any further consideration by the lower court of defendant’s pleas of prescription, and such consideration can only be interpreted as not only inconsistent with but directly opposed to the conclusions specifically enunciated by this Court. This question is not new in our jurisprudence and the interpretation which we have above emphasized is specifically and emphatically authorized by the holdings of our Supreme Court in Commercial National Bank v. Sanders, 136 La. 226, 66 So. 854, and Popp v. Inheritance Tax Collector, 148 La. 663, 87 So. 508.
*193 For the reasons assigned it is ordered, adjudged and decreed that peremptory writs of mandamus and prohibition do issue herein commanding the Honorable Judge of the Twenty-Sixth Judicial Court in and for Bossier Parish, Louisiana, to vacate the judgment of the said court, dated the 12th day of July, 1960, overruling plaintiffs’ exception to the jurisdiction and plea of res judicata, and further ordering the said Judge to sustain the said pleas.
It is further ordered, adjudged and decreed that the said Judge be and he is hereby prohibited from entertaining or considering the pleas of prescription filed on behalf of defendant, and commanding him to proceed to the trial and determination of this cause on the merits in accordance with law.
All costs in connection with relator’s application are assessed against defendant-respondent.