LEMMON, Judge.
Leon Levy sued Gene Stelly and his employer, Southern Pacific Company, for damages sustained in an intersectional automobile collision. By joint motion the suit was transferred from Jefferson to Orleans Parish to be consolidated with a suit filed by Robert Levy involving the same collision.
On the date that the matter was fixed for trial, plaintiff’s counsel indicated a preference to try the case in the United States District Court, where he had also filed suit. Plaintiff desired an indefinite continuance, but on motion of defendants, the trial court granted a judgment of involuntary dismissal, without prejudice. However, the judgment of dismissal inadvertently dismissed the suit of Robert Levy. The judgment bore the number and title of Robert Levy’s suit, but indicated the' name of Leon Levy’s attorney.
About a week later, on November 6, 1969, defendants moved ex parte to correct the judgment, and an amended judgment was signed by the trial judge.
Plaintiff then moved for a new trial, which was granted. This court, on writ application, annulled and vacated the order granting a new trial, because the motion was not timely filed.[1]
Our opinion, however, went further and discussed the effects of setting aside the order granting the new trial. The conclusion was that the amended judgment of November 6, 1969 was a nullity under LSA-C.C.P. art. 1951, resulting in a reinstatement of the prior judgment dismissing Robert Levy’s suit. Under this reasoning, Leon Levy’s suit was still pending. While our opinion did not decree the amended judgment a nullity (there was no petition for nullity before the court), it remanded the matter “to the District Court for such additional proceedings as are not inconsistent with the views expressed here-
Plaintiff subsequently filed in the district court a “Motion to Make Judgment of the Court of Appeal, the Judgment of the Civil District Court.” This was met with an exception of res judicata, which was overruled. This court denied the writ application, complaining of the judgment on the exception, with the following comment:
“Although in an effort to facilitate the course of this litigation we pointed out in our prior opinion that the judgment of Nov. 6, 1969 was a nullity, our decree properly did not declare it null and it therefore remains the judgment of the trial court until there declared a nullity by proper proceeding. Nevertheless, since that judgment dismissed plaintiff’s suit “without prejudice” it cannot support plea of res judicata, which in any case does not lie against plaintiff’s motions.” (Emphasis supplied)
Thereafter, plaintiff filed a petition to annul the amended judgment of November 6, 1969. Defendants filed exceptions, which were overruled, and plaintiff then moved for a summary judgment on the nullity action.
Defendants appealed from the summary judgment granted by the trial court; declaring the amended judgment of November 6, 1969 to be null, void and of no effect.
Plaintiff now moves to dismiss the appeal, on the ground that the summary judgment of nullity is interlocutory and therefore not appealable. Presumably, this contention is based on the fact that further proceedings on the tort action are still pending in the trial court, and the matter is not final.
We disagree. The summary judgment is a final judgment on the plaintiff’s action for nullity of the amended judgment. While it is true that plaintiff’s tort action is still pending, this does not affect the finality of the judgment on the nullity action.
*847 Previous decisions support our reasoning, In Pertuit v. LeBlanc, 216 So.2d 863 (La. App. 2 Cir. 1968), the court overruled a motion to dismiss an appeal, stating:
“A judgment which sets aside a final judgment is itself a final judgment. Levy v. Levy, 178 La. 407, 151 So. 635.”
We conclude that the judgment on which the appeal is based is a final judgment under LSA-C.C.P. art. 1841 and is ap-pealable under LSA-C.C.P. art. 2083.
Although not argued by counsel, this appeal should be dismissed if the nullity of the amended judgment (the only issue on this appeal) was properly ruled upon in our prior opinions in this cause. See Succession of Popp, 148 La. 663, 87 So. 508 (1921); Scott v. Blanton, 124 So.2d 190 (La.App. 2 Cir. 1960). Otherwise, a party could effectively obtain a retrial of an issue already adjudicated on a previous appeal in the same case.
Our previous opinion involved a writ application taken from the granting of a new trial on an untimely application. To reach our decision, we needed only to count days and apply the applicable law. However, as observed above and in the denial of the other writ application, we made additional comments to facilitate the course of the litigation. These comments were not necessary to support the decision in the prior opinion and can only be considered as obiter dictum.
While an appellate court has the power to render any judgment proper upon the record (LSA-C.C.P. art. 2164), this is the first time that the record before this court contains a petition of nullity, a defense thereto, and a judgment of nullity. Therefore, this is the first opportunity we have had to review, as a matter of record, the issue presented on this appeal, and this is the first time that defendants have had an opportunity to brief or to orally argue this issue in this court.
The interest of justice and of procedural due process dictate that obiter dictum of an appellate decision should not foreclose subsequent litigation in the same cause on an issue not properly before the court at the time that the obiter dictum was pronounced.
Accordingly, the motion to dismiss is denied.
Motion to dismiss denied.

. See Levy v. Stelly, 230 So.2d 774 (La.App. 4 Cir. 1970)..