ON MOTION TO DISMISS
GULOTTA, Judge.
Plaintiffs have appealed from a December 21, 1979 trial court judgment setting aside and annulling a January 4,1979 judgment and granting a hew trial.
Citing Pate v. Crescent Motors Exchange, Inc., 256 So.2d 471 (La.App. 4th Cir. 1972) and Simmons v. Beauregard Parish School Board, 284 So.2d 668 (La.App. 3rd Cir. 1973), defendant seeks dismissal of this appeal on the grounds that the December 1979 judgment appealed from, granting a new trial, is neither a final judgment nor an interlocutory judgment which causes irreparable injury.
We are not here concerned with the timely filing of a motion for a new trial and a judgment granting a new trial, as in the Pate case, but are confronted with a December 4,1979 motion to annul a January 4, 1979 judgment in favor of plaintiffs, and a December 21, 1979 judgment annulling and setting aside the earlier judgment. Despite the language in the judgment appealed from, which states that a new trial is granted, the judgment actually annuls and sets aside the earlier judgment as sought in the motion for nullity. The judgment of nullity is final and appealable. See Levy v. Levy, 178 La. 407, 151 So. 635 (1933); Levy v. Stelly, 248 So.2d 845 (La.App. 4th Cir. 1971); Pertuit v. LeBlanc, 216 So.2d 863 (La.App. 2nd Cir. 1968). See also, LSA-C.C.P. article 2083.
Having so concluded, we deny the motion to dismiss the appeal.
Motion to Dismiss denied.