Succession of Sarah A. Penny—Solomon Bloom, Appellant.

Action to remove administrators, domiciled in Mississippi.

Exception—that there had been no citation. *By the Court:* This objection may be considered not only as waived by the other reasons urged for the dismissal of the action, but by the appearance of the appellees, whereby it became unnecessary to make service on the curator *ad hoc*, on whom alone it could be made as the appellees were domiciled out of the State.

APPEAL from the District Court, Seventh District, parish of East Feliciana, *Duffel*, J., presiding.    *Muse & Hardee*, and *McVea*, for appellant. *Sawyer*, for defendants in rule.

Voorhies, J.[*]    *Solomon Bloom* is appellant from a judgment discharging a rule taken by him on *Ann L. Foster* and her husband, *James J. A. Foster*, domiciled in the State of Mississippi.

In a former suit between these parties, involving the right to the administration of the estate, there was a judgment rendered by this court in favor of the appellees.    See 10 An.

The appellant, in his petition, alleges that the judgment thus rendered imposed on *Ann L. Foster*, the beneficiary heir, and her husband, the condition, that they should appear in person to take the necessary oath, give bond, and before their departure from the State, appoint an agent to represent them; that said *Ann L. Foster* was not in the State at the time of filing her application for letters of administration, nor since; that she has never taken any other oath than that which was taken by her before one *Edwards*, a justice of the peace in the parish of Concordia; that the only agent appointed by her and her husband, was *William B. Rouck*, of the parish of East Feliciana, by act executed in the State of Mississippi, on the 23d of April, 1855; that the letters of administration were not granted to them until the 27th of the same month, and on the 12th of the ensuing month, said *Rouck* executed an authentic act, whereby he refused to accept said agency; that said *Foster* and wife, having failed to comply with the requirements of the law within ten days from the filing of the decree in that case, have forfeited their claim to the administration, and the letters which have been granted to them, should therefore be cancelled and annulled; and that the succession is now wholly unrepresented by any one within the jurisdiction of the court where it is open, in order to enable the creditors to assert their claims.    Whereupon he prays, that said *Ann L. Foster* and her husband, may be ruled to show cause why the letters of administration thus granted to them should not be cancelled, and that he be appointed in their stead; and that, as they are absentees, a curator *ad hoc* be appointed to represent them, and duly notified thereof, so that said letters may be cancelled and annulled contradictorily with him.

A curator *ad hoc* was appointed as prayed for, but it does not appear that he ever took any part in this action.

The defendants, by their attorney, filed an exception, claiming the dismissal of the application, on the following grounds, viz:

1st.    "That they have never been legally cited or notified of said demand personally, nor has any one been so cited or notified, who is qualified to repre-

[*]Merrick, C. J., took no part in this decision.

SUCCESSION OF
PENNY.

sent them; that no citation has been served upon them, or any one else, nor has any been prayed for as issued in said suit."

2d. "Proceedings to remove an administrator cannot be commenced by a rule to show cause, that no rule has been obtained by order of the court or served upon them, and they are in no manner bound to notice or answer said petition."

3d. "The said *Bloom* has made no showing that he is a creditor of said estate; that he cannot, on a naked allegation that he is a creditor, disturb the administration in which other creditors are interested; that he is not a creditor on the tableau of distribution and statement of debts, filed by them as administrators."

4th. "That the petition is informal and defective, in that it does not set out the place of residence of the petitioner, as the law requires."

The Judge *a quo* sustained the exception and dismissed the appellant's petition. We think he erred. The first objection urged in the exception is, that the appellees had never been legally cited or personally notified of the appellant's demand. It is clear that this could not tend to defeat, but only to retard the progress of the action, by requiring the service of a copy of the petition and citation to be made on them. But this objection, it appears to us, may be considered not only as waived by the other reasons urged for the dismissal of the action, but by the appearance of the appellees, whereby it became unnecessary to make such service on the curator *ad hoc*, on whom alone it could be made, if at all, as the appellees were domiciled out of the State.

The second ground of objection is untenable. The action was commenced by petition in the usual form, setting forth the grounds upon which the removal of the appellees as administrators was prayed for, and concluding with a prayer for the same to be done contradictorily with a curator *ad hoc*, as the appellees could not be cited.

The other objections appear to us to be equally untenable. The admission of the appellees in the record shows, that the appellant was a creditor of the succession.

Under the Act of 1847, (Session Acts of 1847, p. 115,) the appellees were bound to leave a general and special power of attorney with some person in the parish where the succession was opened, or the adjoining parish, to represent them in all necessary acts relative to the administration of the estate, and to deposit in the office of the recorder an authentic copy thereof. We are, therefore, of opinion, the Judge erred in sustaining the exception.

It is therefore ordered and decreed, that the judgment of the court below be avoided and reversed; that the exception be overruled and the case remanded, to be proceeded in according to law. And it is further ordered, that the costs of appeal be paid by the appellees.