**13 So.2d 850**

**FOSTER v. KAPLAN RICE MILL,**
Inc., et al.
No. 37085.

May 17, 1943.

Kibbe & Bailey, of Abbeville, and N. S. Hoffpauir, of Crowley, for defendant and appellant.

McCoy & King, of Lake Charles, for plaintiff and appellee.

ODOM, Justice.

Plaintiff alleged that he was employed as manager of the Kaplan Rice Mill, Inc., in the month of July, 1939, at an annual salary of $6,000, payable monthly, and that he served continuously in that capacity until about April 25, 1941, when he was notified that his services would not be needed after June 30, 1941.

He alleged that his contract of employment was entered into with C. J. Montgomery, Sr., who represented the corporation as president, and who, in addition to his being president of the corporation, owned approximately 60 per cent of its capital stock.

According to plaintiff's petition, he was to receive, in addition to his annual salary of $6,000, a percentage of the net profits made by the corporation each year, and he alleged that for the company's fiscal year ending June 30, 1941, it earned a net profit of approximately $125,000, the exact amount of which he did not know, and that, for the purpose of ascertaining the exact amount earned, the company should produce its books, and that he was entitled to a 10 per cent commission on whatever amount was shown by the books to be the exact amount of the profits earned between June 30, 1940, and June 30, 1941.

He alleged that he had been paid the full amount of his salary up to June 30, 1941, but that the company had refused to pay the commissions.

Plaintiff alleged in Paragraph 12 of his petition "that in case it is urged and established that C. J. Montgomery, Sr. exceeded his authority as President of defendant in agreeing to pay, and in subsequently paying, petitioner more than three per cent (3%) of the net profits for the fiscal year ending June 30, 1940 and in employing your petitioner for another year on the same terms; then in such event, he [Montgomery] is

liable personally for the full ten per cent of such net profits for the fiscal year ending June 30, 1941. Your petitioner hereby makes said C. J. Montgomery, Sr. a party defendant, and alleges in the alternative that in case it be urged and established that he exceeded his authority as President of defendant, petitioner is entitled to recover judgment against said Montgomery for all, or such portion thereof for which the corporation may be found not liable".

His prayer is in accordance with the allegations of the petition.

The suit was filed July 14, 1941, and service was made on both the corporation and Montgomery on July 15.

On September 2, 1941, exceptions of vagueness were filed on behalf of both the corporation and Montgomery. On November 17, the exceptions of vagueness were "fixed for trial for this day and taken up, argued and to ·be hereafter submitted". According to an extract of the minutes of date May 25, 1942, the exception of vagueness filed by the defendant Kaplan Rice Mill was maintained by the court, and the plaintiff Foster was ordered "to supply the averments of fact complained of as being wanting, and more particularly the facts upon which he relies to show the authority of C. J. Montgomery, Sr., to represent Kaplan Rice Mill, Inc., in the execution of the contract upon which plaintiff seeks recovery", and the court further ordered plaintiff to supply such averments of fact "on or before June 8, 1942 and in default to suffer dismissal of his suit; and granting defendant, Kaplan Rice Mill, Inc. ten days, from the filing by plaintiff of his amended and supplemental petition or other pleading showing compliance with the present order, within which to file its answer".

The minutes of the court copied in the record further recite:

"The exception of vagueness filed by defendant, C. J. Montgomery, Sr., was taken up and tried as per previous assignment and is now submitted in the Parish of Vermilion, and the court, for reasons orally assigned, overruled said exception."

Up to Saturday, June 13, 1942, plaintiff had not amended his petition as ordered by the court, and on that day counsel for Kaplan Rice Mill, Inc., filed a motion to dismiss plaintiff's suit as in case of non-suit. On the same day the court signed an order dismissing plaintiff's suit as in case of non-suit "in so far as the Kaplan Rice Mill, Inc., is concerned".

On June 16, 1942, within three days after the judgment ordering plaintiff's suit dismissed as in case of non-suit, plaintiff filed formal motion to set aside the judgment on the ground that plaintiff's counsel "had no knowledge of any requirement that plaintiff filed an amended petition until receipt of the order dismissing the suit for failure to do so". Plaintiff prayed that "a rehearing [be] granted, and plaintiff permitted· an opportunity to file an amended petition".

The trial judge permitted the motion for rehearing to be filed and set the motion down for trial. Evidence was adduced by both the plaintiff and the defendant, and, according to the minutes of January 11, 1943, the trial judge, after hearing and

considering all the testimony, "granted a new trial and rehearing to plaintiff", and granted to plaintiff "a delay up to and including January 25, 1943, within which to comply with the court's order of May 25, 1942".

In connection with his ruling granting to plaintiff a new trial, the trial judge, in commenting on the merits of the case, said:

"On the merits the evidence clearly shows that the attorney for defendant [plaintiff] acted in good faith and that his failure to comply with the order of court [of date May 25, 1942, ordering plaintiff to amend on or before June 8, 1942] within the designated time resulted from a misappreciation of the terms of the order."

The Kaplan Rice Mill, Inc., appealed suspensively from the order granting to plaintiff a new trial, and in this court plaintiff filed a motion to dismiss the appeal.

The motion to dismiss the appeal must prevail. Article 558 of the Code of Practice reads as follows:

"The party who believes himself aggrieved by the judgment given against him, may, within three judicial days after such judgment has been rendered, pray for a new trial, which must be granted if there be good ground for the same; provided, that said new trial shall be prayed for and passed before the adjournment of the court."

Act No. 10 of 1926 provides in Section 1:

"That a party who believes himself aggrieved by a judgment given against him, may, within three judicial days after such judgment has been rendered, pray for a rehearing, which must be granted if there is a good cause for same."

Section 2 of that act provides: "That the Judges of the District Courts of the State of Louisiana may revise their judgments by granting a rehearing as hereinabove provided".

The judgment ordering plaintiff's suit dismissed as in case of non-suit was rendered and signed on June 13, 1942; and on June 16, 1942, which was within three judicial days thereafter, the plaintiff filed a formal motion for a new trial or rehearing. This motion was timely filed, under the Code of Practice and the act above quoted. The language of the Code of Practice and of Section 1 of Act No. 10 of 1926 is identical except that in the Code of Practice it is provided that a "new trial" may be prayed for within three judicial days and in the act of the Legislature it is provided that the party aggrieved may "pray for a rehearing" within the delay of three judicial days.

The judge granted a new trial in this case after hearing evidence in support of plaintiff's application. The judgment or order granting the new trial was purely interlocutory and not final, and operates only as a postponement or a continuance. Such an order does not cause irreparable injury, and the settled jurisprudence is that no appeal lies from a judgment or order granting a new trial in cases where the application for a new trial or a rehearing is filed within the delay prescribed by law. A litigant who be-

253 254

lieves himself aggrieved by the judgment given against him may appeal from an interlocutory judgment only in case such judgment may cause him an irreparable injury. Code of Practice, Article 566. The following cases are in point: McWillie v. Perkins, 20 La.Ann. 168, and the cases cited therein; Joyce v. Nona Mills Co., Ltd., 142 La. 934, 77 So. 854; Shreveport Grocery Co., Inc., v. Johnson et al., 10 La.App. 437, 121 So. 351, and the authorities therein cited and reviewed.

In the case of Wheeler v. Maillot, 15 La.Ann. 659, the court, in maintaining a motion to dismiss an appeal, said:

"The plaintiff's counsel have filed a motion to dismiss the appeal on the grounds that no appeal lies from an order granting a new trial—that such an order is within the discretion of the District Judge, is interlocutory, and does not work an irreparable injury. These grounds are well taken, and are sufficient to dismiss the appeal."

Counsel for appellant in their brief opposing the application to dismiss cited several cases in support of the rule that a trial judge cannot ex officio grant a new trial after the lapse of three days from the rendition of the judgment unless a motion has been filed within that delay. These cases have no application for the reason that here the trial judge did not ex officio grant the new trial, but granted the new trial on plaintiff's application, which was filed within the three judicial days after the original judgment was rendered.

Their main objection, however, to the dismissal of the appeal is set out at page 13 of their brief, from which we quote the following:

"The order of court of May 25th ordered the dismissal of the plaintiff's suit as of June 8, 1942. It is our contention that this is the date [June 8, 1942] of the rendition of the judgment or order dismissing plaintiff's suit on his failure to amend on or before June 8th, and that the judgment signed on June 13th could have been signed on June 8th or any day thereafter. The plaintiff could have moved for a rehearing at any time up to the signing of the judgment, June 13, 1942, though the judgment was rendered, but on the date of the signing, more than three days having elapsed since the rendition, the time for applying for a rehearing had expired."

We find no merit in this contention. It is true that the judgment of May 25 ordered the plaintiff to amend on or before June 8, 1942, or suffer the pain of dismissal. But the judgment dismissing the suit was not rendered until June 13, and both Article 558 of the Code of Practice and Section 1 of Act No. 10 of 1926 provide that a party who believes himself aggrieved by the judgment given against him may, "within three judicial days after such judgment has been rendered", pray for a new trial or a rehearing. A judgment is not rendered until it is signed by the district judge. Viator v. Heintz, 201 La. 884, 10 So.2d 690.

For the reasons assigned, the appeal is dismissed, appellant to pay costs of appeal.