CAVANAUGH, Judge.
The plaintiff appeals from a judgment of the District Court granting a motion for a new trial and setting aside adjudgment rendered in his , favor and against the defendant for the balance due on one week’s salary, together with the penalty. The facts in the case are that plaintiff - was employed by defendant at a weekly wage of $50 per week as a trimmer in making seat covers. On the second week of his employment he was discharged after working two days and was only paid by the defendant for the two days he worked. He made no protest to the defendant at that time but later protested to the Commissioner of Labor and authorized the Commissioner to effect a collection of the balance due him. The authorization was signed by the plaintiff on one of the usual forms used by the United States Department of Labor. The Commissioner of Labor made demand on the defendant for the balance of the weekly page of $33.32 due to the plaintiff, which was mailed by defendant to the Commissioner of Labor with a check for the $33.32 payable to the plaintiff. The check was mailed on April 27, 1954, and on May 10, 1954, the Commissioner of Labor wrote the plaintiff at the address given him at 433 West Drive, Baton Rouge, Louisiana, that he had the check and requested plaintiff to call for the check. This suit was filed on May 24, 1954, or almost a month after-the check had been mailed by defendant to the Commissioner of Labor, and two weeks after the Com *879 •missioner of Labor bad written a letter to the plaintiff that he had the .check. Service of petition and citation was made on defendant on May 25, 1954, and on June 8, 1954, a preliminary default was entered in the case and confirmed on Friday, June 11, and the Court, at that time, took the matter under advisement and on June 14, 1954, the Court rendered judgment in favor of the plaintiff and against the defendant as prayed for, confirming the default and on that day a formal judgment was read and signed. On June the sixteenth, the defendant-appellee filed a motion for a new trial and had previously filed on June 11, 1954, at 1:40 p. m. on that date, an answer to plaintiff’s petition. The Minutes of the Court of June 11, 1954, do not show at what time the evidence was offered in the case to confirm the default.
The district judge granted the new' trial and pursuant- to agreement of counsel set the case down for trial during the afternoon of the shine day on which the new trial was granted. After hearing the evidence on the trial of the case, the Court rendered judgment in favor of the defendant and against the plaintiff, rejecting the plaintiff’s demands and dismissing his suit, sustaining the plea of payment interposed by defendant.
The plaintiff has appealed from the judgment and contends here that the Trial Judge erred in entertaining the motion for new trial, contending that it was filed more than three days after the judgment was rendered, and that plaintiff never received payment because he did not get the letter from the Department of Labor prior to placing his claim with his attorney. The plaintiff-appellant contends that judgment was rendered in the case on June 11, 1954, and that from that date under Article 558 of the Code of Practice the defendant had three days within which to file, an application for a new trial and that the application not having been filed until June 16 that more than three days had lapsed and that the Court had lost jurisdiction to entertain the application.
The present law providing for the delays for,applying for a new trial" or a rehearing is contained in LSA-R.S. 13:4213 which states:
“An application for-a new'trial or a- 'rehearing in a civil cause in the district courts must be filed: (1) in Orleans parish, before the judgment is signed; and (2) in all other parishes, either before the judgment is signed, or within three days of rendition of judgment if the latter has been signed before filing of the application.”
A judgment is not rendered until it is signed by the District Judge. Viator v. Heintz, 201 La, 884, 10 So.2d 690; Foster v. Kaplan Rice Mill, 203 La. 245, 13 So.2d 850; La.Law Rev., Vol. 9, page 509; Tulane Law Rev., Vol. 24, page 470. Therefore, the judgment having been signed on June 14, 1954, and the motion for new trial having been filed on June 16, 1954, the motion was timely filed. The district judge had the right to set the judgment aside because an answer had been filed on June 11, 1954, and since a judgment is not considered rendered until it is signed, and an answer having been previously filed, the Trial Judge was absolutely right in setting the judgment aside and granting a new trial.
We have carefully reviewed the evidence adduced on the trial of the case, together with the written reasons assigned by the trial judge, and find that the defendant had paid the balance due plaintiff promptly on demand and that the check for .the balance due the plaintiff for his week’s wages was in the possession of plaintiff’s agent, whom he had designated to collect the sum, for approximately one month when this suit was filed.
After the judgment was rendered in this cause and before the appeal was perfected herein, the plaintiff-appellant- was. authorized to prosecute the suit without the payment of costs. -
For the reasons assigned, the judgment appealed from is affirmed, without payment of costs.