256 So.2d 471 (1972)
Cleveland PATE
v.
CRESCENT MOTORS EXCHANGE, INC.
No. 4727.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1972.
Cabibi & Cabibi, Charles E. Cabibi, Jr., New Orleans, for plaintiff-appellant.
Juan A. Velasco, New Orleans, for defendant-appellee.
Before SAMUEL, CHASEZ and GUIDRY, JJ.
SAMUEL, Judge.
Plaintiff filed this suit for $636.14, allegedly the amount of damages he sustained as a result of faulty rebuilding of his automobile engine by the defendant, a Louisiana corporation. Citation and petition were served on defendant's agent for service of process as reflected by the records of the Secretary of State. No appearance was made by the defendant and in due course plaintiff obtained a judgment by default.
Defendant then made timely application for a new trial. Evidence taken during the hearing on the rule shows the defendant's agent for service of process was no longer employed in that capacity at the time of the service. However, his designation as the defendant's agent had not been removed from the records of the Secretary of State. He had not informed the defendant of the suit because, having previously written defendant a letter of resignation, which also requested removal of his name as agent, he was under the impression that at the time of service in the instant case he was no longer defendant's *472 agent for service of process and that his name as such had been removed from the records of both the Secretary of State and the recorder of mortgages.
Following the hearing there was judgment granting a new trial. Plaintiff has prosecuted this appeal from that judgment. In this court he contends: (1) as long as the agent upon whom service was made remained of record as defendant's agent for service of process, service upon him was valid and binding upon the defendant, citing LSA-R.S. 12:104(C) and Boudreaux v. Allstate Finance Corporation, La.App., 217 So.2d 439; and (2) under these circumstances the granting of a new trial constitutes an abuse of the discretion given the trial court by LSA-C.C.P. Art. 1973. We cannot consider these contentions as we must dismiss the appeal.
As provided by our Code of Civil Procedure, an appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury,[1] and a final judgment is one which determines the merits in whole or in part.[2] It is obvious that a judgment which merely grants a new trial does not determine any of the merits; such a determination is made following the new trial which has been granted. Here, with equal clarity and by the same reasoning, the granting of a new trial does not cause irreparable injury; following the new trial plaintiff will obtain a judgment in his favor if he is entitled to such a judgment. Under the present code, and under our jurisprudence prior to that code, where the motion for a new trial has been timely filed a judgment granting a new trial is not appealable.[3]
For the reasons assigned, the appeal from the judgment granting a new trial is dismissed at the cost of appellant and this matter is remanded to the trial court for further proceedings according to law.
Appeal dismissed and matter remanded.
NOTES
[1] LSA-C.C.P. Art. 2083.
[2] LSA-C.C.P. Art. 1841.
[3] Foster v. Kaplan Rice Mill, 203 La. 245, 13 So.2d 850; Elchinger v. Lacroix, 192 La. 908, 180 So. 572; McWillie v. Perkins, 20 La.Ann. 168; Wheeler v. Joseph Maillot & Co., 15 La.Ann. 659: Levy v. Stelly, La.App., 230 So.2d 774; Stevens v. Patterson Menhaden Corporation, La.App., 191 So.2d 692.