284 So.2d 668 (1973)
Lesley Wayne SIMMONS, Plaintiff-Appellant,
v.
BEAUREGARD PARISH SCHOOL BOARD et al., Defendants-Appellees.
No. 4465.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*669 C. A. Miller, Jr., and Russell T. Tritico, Lake Charles, for plaintiffs-appellees-appellants.
William C. Pegues, III, DeRidder, for defendant-appellant-appellee.
Hall & Coltharp, by L. H. Coltharp, Jr., DeRidder, for defendants-appellees.
Mitchel M. Evans, DeRidder, for defendant-appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.

ON MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
Defendants-appellees, B. D. Crain and Horace Mann Mutual Insurance Company, moved to dismiss the appeal of the plaintiff-appellant, Lesley Wayne Simmons, on the grounds that the plaintiff's appeal is not an appeal from a final judgment. LSA-C.C.P. 2083. The defendant-appellee, Vincent Garofolo, has also filed a Motion to Dismiss the appeal of the plaintiff on the same ground. We dismiss plaintiff-appellant's appeal.
This is a tort action. Trial was had before a jury which returned a verdict in favor of the plaintiff-appellant, Lesley Wayne Simmons, against the defendants, the Beauregard Parish School Board, B. D. Crain, Horace Mann Insurance Company, and Vincent Garofolo. All defendants filed a motion for a new trial, and the trial court granted the motion as to the defendants B. D. Crain, Horace Mann Mutual Insurance Company, and Vincent Garofolo. The Beauregard Parish School Board perfected a devolutive appeal to this court. The plaintiff-appellant also perfected a devolutive appeal from the judgment of the trial court granting a new trial to the defendants, B. D. Crain, Horace Mann Mutual Insurance Company, and Vincent Garofolo.
Article 2083 of the Code of Civil Procedure provides that an appeal may only be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. Our jurisprudence is clear that a judgment granting a new trial is neither a final judgment nor an interlocutory judgment which causes irreparable injury. Official Revision Comments, LSA-C.C.P. Art. 2083; Foster v. Kaplan Rice Mill, 203 La. 245, 13 So.2d 850; and Pate v. Crescent Motors Exchange, Inc., La.App., 256 So.2d 471.
In the Pate case, supra, our breathren of the Fourth Circuit correctly held that:
"As provided by our Code of Civil Procedure, an appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury, and a final judgment is one which determines the merits in whole or in part. It is obvious that a judgment which merely grants a new trial does not determine any of the merits; such a determination is made following the new trial which has been granted. Here, with equal clarity and by the same reasoning, the granting of a new trial does not cause irreparable injury; following the new trial plaintiff will obtain a judgment in his favor if he is entitled to such a judgment. Under the present code, and under our jurisprudence prior to that code, where the motion for a new trial has been timely filed a judgment granting a new trial is not appealable."
*670 For the reasons assigned, the appeal of the plaintiff-appellant, Lesley Wayne Simmons, from the trial court's judgment granting a new trial is dismissed at the costs of the plaintiff-appellant.
Appeal dismissed.