320 So.2d 230 (1975)
BUNGE CORPORATION, Plaintiff-Appellant,
v.
Hudson EMMONS, Defendant-Appellee.
No. 5142.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*231 Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Jack D. Barnett, Shreveport, for defendant-appellee.
Before DOMENGEAUX, WATSON and BEER, JJ.
WATSON, Judge.
This is a proceeding for a money judgment brought by plaintiff, Bunge Corporation, against the defendant, Hudson Emmons, but the merits are not involved in the appeal.
The appeal is from a judgment which ordered that an earlier default judgment be annulled and set aside and that defendant proceed to file his answer; essentially, it is an appeal from an order which granted a new trial.
We notice on our own motion that the appeal must be dismissed since a judgment, pursuant to a timely filed application, *232 ordering a new trial is not final and does not cause irreparable injury; it is not, therefore, appealable. LSA-C.C.P. art. 2083; Foster v. Kaplan Rice Mill, 203 La. 245, 13 So.2d 850 (1943).
It is required under the jurisprudence that the motion for new trial be timely filed. The sequence of pertinent events as reflected by the record were as follows:

November 14, 1973 - petition filed.
November 16, 1973 - domiciliary service.
January 30, 1975 - preliminary default entered.
February 27, 1975 - judgment signed in confirmation of default.
February 28, 1975 - copy of judgment served on defendant.
March 11, 1975 - pleading filed which was styled "Petition for New
 Trial and for Nullity of Judgment".
April 14, 1975 - Judgment rendered which "annulled and set aside"
 the judgment of February 27, 1975; defendant
 granted five days to file an answer.
May 5, 1975 - judgment of April 14, 1975 signed.

The delay for applying for a new trial is seven days, exclusive of legal holidays. LSA-C.C.P. art. 1974. Since defendant was not served personally, it was required that a notice of judgment be served on him. LSA-C.C.P. art. 1913. When notice of judgment is required, the seven days delay does not begin to run until the day after service of the notice. LSA-C.C.P. art. 1974.
The date notice was served, February 28, 1975, was a Friday, and, accordingly, the delay began to run on Monday, March 3, 1975. Counting seven days thereafter, excluding Saturday, March 8, 1975, and Sunday, March 9, 1975, the last day to file a motion for a new trial was March 11, 1975, the date upon which the motion was actually filed by defendant.
Therefore, the motion was filed timely.
Although the appeal is to be dismissed, we will note and comment on an error assigned by plaintiff. Complaint is made that there was no service of the pleading which urged a new trial. The record does not reflect service.
However, the lack of service does not invalidate the filing. Finuf v. Johnson, 216 So.2d 151 (La.App. 2 Cir. 1968); writ refused 253 La. 313, 217 So.2d 410. The minutes of court for April 14, 1975, indicate that the motion was heard that date and both counsel for plaintiff and counsel for defendant were present in court. The record reflects no objection to the proceeding due to lack of service. Appearance waives objections which might have been urged to service. LSA-C.C.P. art. 925. Succession of Penny, 11 La.Ann. 197 (1856). When the matter was taken up in the trial court without objection, lack of service became moot. Therefore, we find no merit to the assignment of error regarding lack of service.
For the reasons assigned, the appeal is dismissed and we remand the case to the trial court for further proceedings. All costs in connection with the appeal are taxed against plaintiff-appellant.
Remanded.