WATKINS, Judge.
The issue presented in this case was raised by this Court, ex proprio motu, as to whether the judgment from which appeal was taken is properly appealable.
On February 23,1983, judgment was rendered at trial on the merits at which counsel for plaintiff was present, but, by prior agreement, neither defendant nor his counsel was present.
The judgment was signed both by counsel and by the trial judge. Counsel for plaintiff requested that notice of judgment be served on defendant, and notice was so served.
In the meanwhile, defendant appears to have retained different counsel. On March 28,1983, new counsel for defendant filed a motion for a new trial. Judgment granting a new trial was rendered October 12, 1983, and read and signed November 17, 1983. Plaintiff filed a motion for a devolutive appeal from the judgment granting the new trial. We hold that the judgment granting a new trial was an interlocutory judgment and hence not appeal-able. The proper method to seek our review of this matter is under our supervisory jurisdiction, and plaintiff may apply for writs should he desire to do so.
A judgment granting a new trial is an interlocutory judgment, as we have stated, and absent irreparable injury which is not shown, not appealable. LSA-C.C.P. arts. 1841, 2083; Foster v. Kaplan Rice Mill, 203 La. 245, 254, 13 So.2d 850 (1943); Pate v. Crescent Motors Exchange, Inc., 256 So.2d 471 (La.App. 4th Cir.1972). However, the new trial was not timely sought in the present case.
LSA-C.C.P. art. 1974 governs the delay in applying for a new trial:
The delay for applying for a new trial shall be seven days, exclusive of holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
No notice of judgment was required, as may be seen by a reading of LSA-C.C.P. art. 1913:
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
*418 The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.
The judgment was not a default judgment, the matter was not taken under advisement, and notice of judgment was not required by request of counsel for defendant. Hence, defendant had but seven days to apply for a new trial from date judgment was rendered. Judgment was rendered February 23, 1983. A motion for a new trial was not filed until March 28, 1983, well after the seven days had elapsed. However, as we have stated, the judgment granting a new trial is not ap-pealable, as it is interlocutory.
Hence, we dismiss plaintiffs appeal, all costs of this appeal to be borne by appellant.
APPEAL DISMISSED.