494 So.2d 1187 (1986)
Paul MEDIAMOLLE
v.
K-MART DISCOUNT STORES.
No. 86-CA-88.
Court of Appeal of Louisiana, Fifth Circuit.
August 25, 1986.
*1188 Paul G. Preston, New Orleans, for defendant-appellant.
John A. Shea, New Orleans, for plaintiff-appellee.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This is an appeal of the denial of a new trial sought on a claim of newly discovered evidence under La. C.C.P. art. 1972(2). We dismiss.
Our jurisprudence uniformly holds that an order denying a motion for a new trial is generally a nonappealable judgment, reviewable only under supervisory jurisdiction for abuse of discretion. Miller v. Chicago Ins. Co., 320 So.2d 134, 136 (La.1975); Core v. Winn-Dixie of La., Inc., 471 So.2d 240, 242 n. 3 (La.App. 1st Cir. 1985), writ denied 476 So.2d 353 (La.1985); Simmons v. Beauregard Par. School Bd., 284 So.2d 668 (La.App. 3d Cir.1973); Pate v. Crescent Motors Exch., Inc., 256 So.2d 471 (La.App. 4th Cir.1972); cf. Roderfeld v. Willmoth, 473 So.2d 349, 350 (La.App. 5th Cir.1985) (purported appeal from grant of new trial). Where, however, the ordinarily nonappealable issue is raised in conjunction with other appealable issues, in an unrestricted appeal, it may be reviewed to effect justice and judicial economy. Core, supra. Moreover, under La. C.C.P. art. 2083 some interlocutory decrees, among them, presumably, rulings on new trial applications, might rise to the status of an appealable judgment by causing irreparable injury. Finally, the equitable considerations enunciated in La. C.C.P. art. 2164 might in most limited instances prompt us to treat an application for review styled "appeal" as though it were a supervisory writ. These enumerated exceptions, however, are in fact exceptions, applicable only when considerations of justice or judicial economy override the jurisprudential rule of law.
The denial of a new trial is the sole issue sought to be appealed. Only it was briefed and argued. Moreover, a careful reading of both the existing testimony and the newly discovered testimony reveals that the additional testimony will be merely cumulative and, thus, not "important to the cause" under La. C.C.P. art. 1972(2), as the defendant-appellant asserts. No peremptory basis for a new trial existing and it clearly appearing from the record that the plaintiff has suffered some manner of back injury (notwithstanding certain problems of physiological definition), we finally cannot conclude that the trial court abused its discretion under La. C.C.P. art. 1973 in denying a new trial. Equity in no manner militates against the legal conclusion.
Accordingly, this case is dismissed. All costs of this appeal are to be assessed against the appellant.
DISMISSED.