600 So.2d 852 (1992)
Ray Rolan CHANDLER, Jr., Appellee-Defendant-in-Rule,
v.
Anna Marie Gould GRASS, Appellant-Plaintiff-in-Rule.
No. 90-1247.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*853 David Sheffield, Alexandria, for Anna Grass.
Eugene Cicardo, Alexandria, for Ray Chandler.
Before DOMENGEAUX, C.J., and COREIL[*] and SALOOM[*], JJ. Pro Tem.
JOSEPH E. COREIL, Judge Pro Tem.
This action commenced with a petition to modify a joint custody plan. The divorced parents of the child, Anna Marie Gould Grass (Marie) and Ray Rolan Chandler, Jr. (Ray), previously had been awarded joint custody, with the parents alternating the principal domiciliary status every three months. After a hearing, the trial court amended the physical custody provisions of the joint custody judgment to provide that the father would have physical custody during the school term and the mother would have physical custody during the summer vacation. The mother filed a motion for new trial on the basis that the law and evidence and the findings made by the trial court were not supported by the evidence in the record. The motion was denied and the mother perfected this devolutive appeal. We affirm.

FACTS
Marie and Ray were married in March, 1981. The only child of the marriage, a daughter, Katrina, was born on October 7, 1984. Marie and Ray were divorced in December of 1988.
The divorce decree incorporated a consent joint custody plan calling for the parents to alternate the principal domiciliary status for three months, while the other parent would have visitation rights during the same period. This plan had been followed *854 to the date of filing the suit for modification of custody in the latter part of April, 1990. Marie filed suit for modification because Katrina, then 5½ years old, would begin attending elementary school. Marie lives in a different school district than Ray does; therefore the prior arrangement would not be satisfactory. In her petition, Marie sought to be designated the principal domiciliary parent, with custody during the school year. Hearings were held on May 7, 1990 and May 14, 1990. On June 20, 1990, the trial judge filed the following written reasons for judgment:
"Under the old maternal preference rule Mrs. Grass might have prevailed but under today's gender neutral rule such is not the case. Katrina has been enrolled in the same day care center now for approximately three (3) years and that center is in the same neighborhood as is the school she would attend this year if living with Mr. Chandler. Some of her friends in the day care school would also be attending the same elementary school as Katrina. The school bus Katrina rides passes by the day care center so transportation after school is no problem. I am more than impressed with the attention, care, teaching, upbringing and affection afforded Katrina by Mr. Chandler.
"Among other things Mr. Chandler has Katrina enrolled in dancing; swimming; Sunday School; has her earning her own money by performing chores around the house; she makes up her bed, keeps her room clean by putting up toys, clothes, etc; helps in folding the towels and other wash; assists him in making corn bread, biscuits and preparation of other foods; she takes care of her hamster, dog and gold fish; and other things that were mentioned that I was unable to write down due to my slow writing. In short Mr. Chandler is teaching her all of the things in life that are needed for a child that age. This training will stick with her and be of tremendous benefit to her in the later years of her life. Mrs. Grass exhibited none of this care and concern.
"I therefore feel that Katrina's interest can be best served by making a joint custody award with Ray [R] Nolan Chandler, Jr. being the principal domicilary [sic] parent, and it is so ordered."
On August 7, 1990, the trial judge signed the judgment which provided for (1) joint custody of Katrina, with Ray Chandler, Jr. designated as the principal domiciliary parent; (2) visitation awarded to Marie on the first and third or second and fourth weekends, alternating major holidays, birthdays, Mother's Day, and two months in the summer; (3) child support to Ray Chandler, Jr. in the amount of $210 per month.
Marie timely applied for a new trial, asserting that the judgment is contrary to the law and evidence under La.C.C.P. art. 1972(1). In her attached memorandum, Marie contended that the signed judgment was contrary to the law and facts because the court failed to consider the criteria of La.C.C. art. 146(C)(2).[1]
After a hearing, the motion for new trial was denied. Marie appeals the denial of that motion.

FAILURE TO GRANT NEW TRIAL
Our jurisprudence uniformly holds that an order denying a motion for new trial is generally a non-appealable judgment, reviewable only under supervisory jurisdiction for abuse of discretion. Miller v. Chicago Ins. Co., 320 So.2d 134, 136 (La.1975); Simmons v. Beauregard Parish School Board, 284 So.2d 668 (La.App. 3 Cir.1973).
However, under La.C.C.P. art. 2083, some interlocutory decrees, among them, presumably, rulings on new trial applications, might rise to the status of an appealable judgment by causing irreparable injury. The equitable considerations enunciated in La.C.C.P. art. 2164 might, in most limited instances, prompt us to treat an application for review styled "appeal" as though it were a supervisory writ. These enumerated exceptions, however, are in fact exceptions, applicable only when considerations *855 of justice or judicial economy override the jurisprudential rule of law. Mediamolle v. K-Mart Discount Stores, 494 So.2d 1187 (La.App. 5 Cir.1986).
Under the circumstances of this case and in light of the above, we will consider the case properly before us.

DISCUSSION
In the instant case, the original joint custody decree was entered by the consent of the parties. It was, therefore, not a "considered decree," and the heavy burden of proof required by Bergeron is not necessary.[2] Accordingly, Marie was required to prove that there had been a material change in circumstances since the entry of the original decree and that the modification which she proposes was in the best interest of the child. See Dungan v. Dungan, 499 So.2d 149 (La.App. 2 Cir.1986).
There is no question that there has been a material change of circumstances since the 1988 decree was rendered. Katrina is now of school age and it is necessary that she be placed with one parent during the school year since the parents live in separate school districts. The remaining issue is which parent should be the primary custodial parent during the school year.
The best interest of the child is the sole criteria to be met in awarding or modifying custody under La.C.C. arts. 157 and 146. The principle is repeated throughout Art. 146. See Turner v. Turner, 455 So.2d 1374 (La.1984). The list of factors in Art. 146 is a very general, non-exclusive enumeration of some of the things to be considered in order to prevent a mistake in deciding whether it is better for the child to reside with Marie or Ray.
A review of the record, giving great weight to the determinations by the trial court, discloses no abuse of discretion. The trial judge noted in his reasons for judgment that both parents are physically, mentally, and morally fit to be the primary domiciliary parent. Numerous witnesses testified for both parties. Witnesses for both testified that each parent had a very good relationship with Katrina. Important is the fact that neither parent has been the primary caregiver since the child spent three-month interims with each parent.
The trial judge was in a position to evaluate the best interest of the child based upon the conduct and character of the parties. Some of the "best interest" factors tending to favor awarding the father domiciliary parent status are outlined in the reasons for judgment. The trial judge awarded primary custody to Ray based on the best interest, and this decision does not violate La.C.C. art. 146.
The record fails to establish that Marie was entitled to a new trial on the basis that this judgment was contrary to the law and evidence. The denial of her motion was proper.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against appellant, Anna Marie Gould Grass.
AFFIRMED.
NOTES
[*] HONORABLE JOSEPH E. COREIL, Retired, and HONORABLE KALISTE SALOOM, JR., participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.
[1] La.C.C. art. 146, relating to custody of children pending litigation, was redesignated as Art. 131, pursuant to Acts 1990, # 1008, § 8, and Acts 1990, # 1009, § 10.
[2] Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986). This case stands for the proposition that a party seeking a change of a considered decree of permanent custody bears the heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. See also La.C.C. art. 157, which has been redesignated as Art. 134, pursuant to Acts 1990, # 1008 § 8, and Acts 1990, # 1009 § 10.