996 So.2d 517 (2008)
Althea ALVAREZ and Armando Alvarez, Individually and on Behalf of His Two Minor Children, Andre Alvarez and Anyssia Alvarez
v.
Chad T. LeBLANC, Direct General Insurance Company of Louisiana, State Farm Mutual Automobile Insurance Company and USAgencies Casualty Insurance Company, Inc.
No. 08-CA-247.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2008.
*518 Ivan A. Orihuela, Attorney at Law, Kenner, LA, for Appellants, Althea Alvarez and Armando Alvarez, et al.
Scott A. Cannon, Attorney at Law, Slidell, LA, for Appellee, USAgencies Casualty Insurance Co., Inc.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
Althea Alvarez and Armando Alvarez, individually and on behalf of their minor children, Andre Alvarez and Anyssia Alvarez(hereinafter "Plaintiffs") filed this lawsuit after an automobile accident with Chad LeBlanc, which allegedly resulted in damages to their persons and property. Plaintiffs joined their liability insurer, USAgencies Casualty Insurance Company, Inc., (hereinafter "Defendant") on the basis that, "at all times relevant herein, Defendant [had] issued a policy of insurance providing uninsured/underinsured coverage and other coverages to plaintiffs...."
Defendant filed a Motion for Summary Judgment arguing that Plaintiffs were not covered under the issued policy for damages caused by uninsured/underinsured motorists because Armando Alvarez had rejected, or waived, said coverage on April 8, 2004. After a hearing, the trial judge denied summary judgment, finding "the relevant UM rejection form invalid under Louisiana law."[1]
*519 Defendant filed a Motion for Re-Hearing on Motion for Summary Judgment, which the trial judge treated as a Motion for New Trial. At the re-hearing, the defendant introduced an affidavit from an underwriting supervisor for USAgencies, stating that "USACIC," which appears in the lower left-hand corner of the UM rejection form in question, is an acronym for USAgencies Casualty Insurance Company. The trial judge took the Motion for Re-Hearing under advisement.
On October 24, 2007, the trial judge signed a judgment stating only that "Defendant's motion [for] new trial is hereby granted." Plaintiffs have appealed from that judgment.
In this court, Plaintiffs contend that: (1) the district court erred when it granted Defendant's Motion for Re-Hearing on Motion for Summary Judgment even though the relevant UM selection form was invalid under Louisiana law because it failed to reference an insurance company name; and (2) the district court erred when it granted the Motion for Re-Hearing even though defendant failed to present new evidence, or proof that the prior judgment was contrary to the law and evidence, or that there were good grounds for granting a new trial. We cannot consider these contentions because we must dismiss the appeal.
La. C.C.P. art. 1841 provides that
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment.
As provided, in pertinent part, by Article 2083(A) of the Louisiana Code of Civil Procedure, "A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814." Paragraph C of that same article reads, "An interlocutory judgment is appealable only when expressly provided by law." Our jurisprudence further provides that an order granting or denying a new trial is not appealable, but is reviewable under the appellate courts' supervisory jurisdiction for abuse of discretion.[2]
In this case, the judgment before us merely grants a new trial on the motion for summary judgment. That judgment does not determine any of the merits of this issue and is, therefore, interlocutory in nature.[3] Further, our law does not expressly provide that the granting of a new trial motion is an appealable judgment.[4] *520 Finally, this court's appellate jurisdiction extends only to "final judgments."[5] The judgment at issue is not a final judgment and we decline to convert this ruling to a writ reviewable under our supervisory jurisdiction.
For these reasons, we find that this court lacks jurisdiction to review this matter on appeal. Accordingly, the appeal from the judgment granting a new trial is dismissed at the cost of appellant and this matter is remanded to the trial court for further proceedings according to law.
APPEAL DISMISSED AND REMANDED.
NOTES
[1] The trial judge's written ruling did not specify the deficiency apparent on the "UM rejection form" that rendered it invalid. During the hearing, however, Plaintiffs' counsel argued that the form provided by the insurer did not "list the company's name." Further, the trial judge stated, immediately before denying defendant's summary judgment, that, "I think they missed a big one, the name." We infer, therefore, that the trial court found the form did not properly state the insurance company's name, which rendered it invalid. That ruling is not the subject of this appeal.
[2] Miller v. Chicago Ins. Co., 320 So.2d 134, 136 (La.1975).
[3] The judgment or order granting the new trial is purely interlocutory and not final, and operates only as a postponement or a continuance. Foster v. Kaplan Rice Mill, 203 La. 245, 252-253, 13 So.2d 850, 852 (1943).
[4] Such an order does not cause irreparable injury, and the settled jurisprudence is that no appeal lies from a judgment or order granting a new trial in cases where the application for a new trial or a rehearing is filed within the delay prescribed by law. Id. See also, Miller v. Chicago Ins. Co., supra.
[5] La. C.C.P. art. 2083; Van ex rel. White v. Davis, 00-0206 (La.App. 1 Cir. 2/16/01), 808 So.2d 478, 483.