SUCCESSION OF JEAN LIPPS BURKE

NO. 24-CA-141

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 841-161, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

October 16, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

**APPEAL DISMISSED; CASE REMANDED FOR FURTHER
PROCEEDINGS**
    **SMC**
    **SJW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
KAY FRANCES BURKE AND MAUREEN T. BURKE, INDEPENDANT
CO-EXECUTRIXES OF THE SUCCESSION OF JEAN LIPPS BURKE
    Kenneth W. Andrieu

**CHEHARDY, C.J.**

This is a succession proceeding involving the estate of decedent, Jean Lipps Burke. Appellants, Maureen T. Burke and Kay Francis Burke, seek to have this Court review the trial court's November 29, 2023 judgment, which granted a motion to vacate or set aside a judgment of possession signed on August 1, 2023, filed by decedent's surviving spouse, James Joseph Rabalais. For the following reasons, because we lack jurisdiction due to the absence of a final, appealable judgment, we dismiss the appeal and remand the matter for further proceedings consistent with this opinion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Decedent, Jean Lipps Burke, and James Joseph Rabalais were married on October 28, 1997, and made their matrimonial domicile in Jefferson Parish. Decedent had two daughters from a prior marriage, namely, Maureen T. Burke and Kay Frances Burke (hereinafter referred to as either Maureen or Kay, or collectively as "the daughters"). Decedent and Mr. Rabalais remained married until her death, and their last matrimonial domicile was located at 4908 Mayeaux Street, Metairie, Louisiana. Although the marital home was purchased in 2007 during the marriage, Mr. Rabalais acknowledges the immovable property was the separate property of decedent. However, Mr. Rabalais avers the contents of the home were acquired during the marriage and, accordingly, there is a presumption that the contents of the home were community property.

On March 19, 2023, five weeks prior to her death, decedent executed a Last Will and Testament (the "Testament") bequeathing to her daughter, Maureen, among other things, the Mayeaux Street property. Decedent's Testament specifically provided that "[t]he bequest of this real property shall be subject to the limited usufruct in favor of my surviving spouse, James Joseph Rabalais[.]" The Testament further provided that Mr. Rabalais' usufruct shall cease upon his death

or remarriage or, "if neither should occur, upon his failure to use the home as his domicile and permanent residence." The Testament also stated that Mr. Rabalais' "usufruct does not extend to the contents of the house." Lastly, decedent bequeathed to her daughters "the remainder of [her] estate in equal one-half (1/2) portions in full ownership to share and share alike."

The decedent died testate on April 25, 2023. At the time of her death, Mr. Rabalais was eighty-eight years old. Five days later, on May 30, 2023, the daughters filed an *ex parte* petition to probate testament, for confirmation of co-independent executrix, for issuance of letters testamentary and for possession. Paragraph V of the petition stated that decedent "has left both community and separate property." Mr. Rabalais, a legatee, did not join in the petition for possession, nor does the record reflect that he was ever served with the petition. The original judgment of possession presented by the daughters to the trial court for signature was denied on July 5, 2023. A second judgment of possession was filed on July 31, 2023, and subsequently signed by the trial court on August 1, 2023, which declared Kay and Maureen as the "sole legatees" to decedent's estate, subject to "a limited usufruct of the real property only (and no contents, thereof) located at 4908 Mayeaux Street, Metairie, Louisiana ...." The judgment also ordered Mr. Rabalais to "pay all insurances; all property taxes; and all ordinary repairs and maintenance on the property." Further, the judgment of possession placed the daughters in possession in full ownership of "[a] one-half undivided interest in decedent's community interest" in all property belonging to the community of acquets and gains, of whatever kind and nature, which existed between decedent and Mr. Rabalais at the time of decedent's death. The daughters attested that pursuant to decedent's Testament, decedent's undivided one-half interest in all property belonging to the community of acquets and gains, including all community movables and community financial assets, was not subject to a

usufruct in favor of Mr. Rabalais. A review of the record indicates that service of the judgment of possession was not requested upon Mr. Rabalais.

Two days after the judgment of possession was rendered, Mr. Rabalais immediately filed a motion to vacate or set aside the judgment on August 3, 2023, asserting that even though he is the surviving spouse of decedent and a legatee, the daughters obtained the *ex parte* judgment of possession without his knowledge, consent, representation or participation; he, nor counsel representing him in a simultaneous succession proceeding[1] received a copy of the *ex parte* judgment; and, although he was a legatee, he had no knowledge regarding the provisions of the *ex parte* judgment of possession prior to its being presented to the court for signature. [2] Additionally, Mr. Rabalais alleged that there were provisions contained in the judgment of possession that were contrary to law. In essence, by asking the trial court to vacate the judgment of possession, Mr. Rabalais was seeking a new trial.

On October 31, 2023, a hearing was held on Mr. Rabalais' motion to vacate or set aside the judgment of possession. At the hearing, in addition to the argument of counsel, the trial court heard testimony from three witnesses: Mr. Rabalais; Felicia M. Gonzales, Mr. Rabalais' granddaughter with whom he now resides; and decedent's daughter, Kay Burke. At the close of the hearing, the trial court took the matter under advisement. On November 29, 2023, a judgment was rendered in favor of Mr. Rabalais, granting his motion to set aside the judgment of possession, and ordering the daughters to return items taken from the home until such time as a

---

[1] A separate action involving the same parties to the instant litigation was simultaneously pending in the Twenty-Fourth Judicial District, namely *Rabalais v. Burke*, Case No. 841-066, Div. "G," wherein Mr. Rabalais sued decedent's daughters for damages for unlawful eviction, for an injunction against harassment and removal of property, and for exercise of usufruct. Upon information and belief, this separate action has been dismissed. Further, at the hearing on Mr. Rabalais' motion to vacate or set aside judgment of possession, he acknowledged that he has abandoned the usufruct of the marital domicile.

[2] In his motion, Mr. Rabalais also requested that a preliminary injunction against the daughters be issued preventing them from disposing of succession property, and that they be held in contempt for their "underhanded" behavior in obtaining the *ex parte* judgment of possession without his knowledge or consent.

determination of community or separate property could be made. Further, the judgment ordered that a new hearing date be set in order that "the separation and classification of [decedent's] property" could be made. In written reasons for judgment issued on January 25, 2024, the trial court stated that by granting Mr. Rabalais' motion to vacate the judgment of possession and ordering the return of the items taken from the home, the parties return to the same positions they held prior to rendition of the judgment, and the items returned could now be classified as separate or community property.[3]

This timely appeal by the daughters followed.

**DISCUSSION**

In this appeal, the daughters present three assignments of error.[4] Specifically, they claim the trial court manifestly erred in granting Mr. Rabalais' motion and vacating the judgment of possession, which judgment they claim properly placed them into possession and full ownership of decedent's one-half interest in all property and assets belonging to the community, and which property they claim, according to the "will and intent" of decedent, was not subject to a usufruct in favor of Mr. Rabalais. However, after reviewing the pleadings contained in record of this case, we do need to reach the merits of the daughters' arguments.

After reviewing the pleadings contained in the record on appeal, the trial court's November 29, 2023 judgment, and its January 25, 2024 written reasons for judgment, and given the peculiar procedural circumstances of this case, we find that despite its caption as a "motion to vacate or set aside judgment of possession,"

---

[3]    The trial court denied Mr. Rabalais' request for injunctive relief, finding that he failed to show irreparable injury, loss, or damage resulting from the daughters' actions. Further, the trial court found that the evidence presented relative to the behavior of the daughters did not rise to the level which justified a finding of contempt.

[4]    We observe that the daughters presented a fourth issue regarding Mr. Rabalais's alleged retention of decedent's cremains, which was not a subject of the motion to set aside the judgment of possession.

Mr. Rabalais' motion should properly be treated as a motion for new trial. It has long been recognized that a court will look to the import of a pleading and not be bound by the title. Every pleading is to be construed so as to do substantial justice. La. C.C.P. at. 865. The caption of the pleading does not control. Rather, courts are obligated to look through the caption of a pleading in order to ascertain its substance. *Atchley v. Atchley*, 01-67 (La. App. 5 Cir. 5/30/01), 788 So.2d 690, 693, *writ denied*, 01-1915 (La. 2/8/02), 808 So.2d 349. *See also* La. C.C.P. art. 865. It is also well settled that the articles of the Code of Civil Procedure are to be construed liberally and to implement the substantive law and are not an end in themselves. La. C.C.P. art. 5051; *Atchley*, 788 So.2d at. 693.

Here, Mr. Rabalais filed a pleading, although captioned as a motion to vacate or set aside judgment of possession, which was in substance a request for a new trial pursuant to La. C.C.P. arts. 1972(1), which states, in part, that "[a] new trial shall be granted, upon contradictory motion of any party ... *[w]hen the ... judgment appears clearly contrary to the law* and the evidence." [Emphasis added.] We also note that La. C.C.P. art. 1973 provides that "[a] new trial may be granted in any case if there is good ground therefor, except as provided by law." Mr. Rabalais' motion, filed on August 3, 2023, was timely filed as a motion for new trial, within seven days of the court's rendition of the August 1, 2023 judgment of possession.[5]

In Mr. Rabalais' motion, he argued that there is a presumption of community as it relates to items obtained during the marriage and that he "has a usufruct over all community property he and his wife acquired" during the marriage, and thus, the judgment of possession, which gave full ownership of decedent's one-half

---

[5] Pursuant to La. C.C.P. art. 1974, the time delays for filing a motion for new trial shall be seven days from the day the clerk, or the sheriff served, the notice of judgment. Even though the record does not indicate that Mr. Rabalais was served with the judgment of possession, the record does reflect that he filed his motion to vacate or set aside the judgment within two days of its rendition, so clearly within the time delays for filing a motion for new trial.

interest in all community property to the daughters "was against the law." In addition, Mr. Rabalais prayed for "any and all equitable relief" to which he might be entitled.

In its reasons for judgment, by vacating the judgment of possession, the trial court recognized that, because the items included in the judgment of possession had not yet been classified as property belonging to the community, some over which Mr. Rabalais may enjoy a usufruct, or as the separate property of either decedent or Mr. Rabalais, the parties would be placed into the same position they were in prior to the rendition of the judgment of possession in order that such a classification of the property could be made, and any usufruct to which Mr. Rabalais was entitled could be judicially determined. Specifically, the trial court's judgment granting Mr. Rabalais' motion provides that "the parties shall confer to set a date for a hearing [*i.e.*, a new trial] regarding the separation and classification of the property of decedent, Jean Lipps Burke." Although not explicitly stated, the trial court's reasons for granting Mr. Rabalais' motion and vacating the judgment of possession can reasonably be construed as finding that "there [was] good ground" shown for setting aside the judgment of possession and ordering that a new trial be set regarding the "separation and classification" of decedent's property.

Louisiana Code of Civil Procedure article 1973 provides the trial court with discretionary authority to grant a new trial "in any case if there is good ground therefor, except as otherwise provided by law." When a trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered pursuant to La. C.C.P. art. 1973. *Pitts v. Louisiana Medical Mutual Insurance Company*, 16-1232 (La. 3/15/17), 218 So.3d 58, 65; *Horton v. Mayeaux*, 05-1704 (La. 5/30/06), 931 So.2d 338, 344. We hold that, if timely filed—as in the instant case—a motion to vacate or set aside a

judgment on the basis that it would result in a miscarriage of justice can be construed as a motion for new trial.

However, the trial court's judgment granting Mr. Rabalais' motion does not determine the merits of the underlying issues in this case; rather, it merely places the parties in the same position they were in prior to the rendition of the judgment of possession and orders that a new trial of the matter be set. Thus, the November 29, 2023 judgment is interlocutory in nature. See, *Foster v. Kaplan Rice Mill*, 203 La. 245, 252-253, 13 So.2d 850, 852 (1943) (judgment granting a new trial is purely interlocutory and not final, and operates only as a postponement or a continuance). The jurisprudence has expressly held that "[a] judgment granting a motion for new trial is a non-appealable interlocutory judgment." *Suarez v. Modica*, 609 So.2d 1013, 1014 (La. App. 5 Cir. 1992) (citations omitted).

Ordinarily, an application for supervisory review is the appropriate vehicle for the review of an interlocutory judgment. *Alvarez v. LeBlanc*, 08-247 (La. App. 5 Cir. 9/30/08), 996 So.2d 517, 519. Here, instead of seeking supervisory review, the daughters sought to appeal the November 29, 2023 interlocutory judgment. This Court's appellate jurisdiction extends only to "final judgments." *Id*, at 520; *see also* La. C.C.P. art. 2083. We note that there are circumstances in which an appellate court may exercise its discretion to convert an appeal of an interlocutory judgment to an application for supervisory writs. *Stelluto v. Stelluto*, 05-74 (La. 6/29/05), 914 So.2d 34, 39; *Sellers v. El Paso Indus. Energy, L.P.*, 08-403 (La. App. 5 Cir. 2/10/09), 8 So.3d 723, 732. However, we only do so when the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4–3 of the Uniform Rules, Courts of Appeal. *See Sellers*, *supra*. In the present matter, the trial court's judgment was rendered on November 29, 2023. The daughters' motion and order for devolutive appeal was filed nearly sixty days later, on January 25, 2024. As the daughter's

motion for appeal was filed beyond the thirty-day period applicable to supervisory writs contained in Uniform Rule 4–3, we decline to exercise our discretion to convert the appeal of the November 29, 2023 judgment to an application for supervisory review.

For the foregoing reasons, we find Mr. Rabalais' motion to vacate or set aside judgment of possession was property construed by the trial court essentially as a motion for new trial, the granting of which resulted in a non-appealable, interlocutory judgment. As such, this Court lacks jurisdiction to review this matter on appeal. Accordingly, the daughter's appeal from the trial court's November 29, 2023 judgment is dismissed for lack of jurisdiction, and the matter is remanded to the trial court for further proceedings consistent with the trial court's judgment granting Mr. Rabalais' motion and ordering that a new trial of this matter be set.

**APPEAL DISMISSED; CASE REMANDED FOR FURTHER PROCEEDINGS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 16, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-141

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
NO ATTORNEY(S) WERE ENOTIFIED

### MAILED
KENNETH W. ANDRIEU (APPELLANT)
ATTORNEY AT LAW
2900 WESTFORK DRIVE
SUITE 610
BATON ROUGE, LA 70827

BIANCA M. BRINDISI (APPELLEE)
ATTORNEY AT LAW
3445 NORTH CAUSEWAY BOULEVARD
SUITE 210
METAIRIE, LA 70002